UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

May 24, 2023

**LETTER ORDER**

RE:   *Urban Echo Energy, LLC v. Bank of America, N.A.*
         DLB-23-1330

Dear Counsel:

On May 19, 2023, Urban Echo Energy, LLC ("Urban Echo"), a company owned by Brian Davis, an entrepreneur and former professional athlete, filed suit against Bank of America, N.A. ("BOA"), asserting state law claims of conversion and replevin.  ECF 1.  The suit was filed after Urban Echo learned that its bid to purchase the Washington Commanders, a National Football League franchise, was unsuccessful.  Urban Echo blames BOA, the bank responsible for soliciting and investigating potential franchise purchasers, for its failed bid.

Urban Echo also filed an "Emergency Motion for Temporary Restraining Order, Alternatively, Motion for Replevin, and Request for Hearing" pursuant to Rule 65 of the Federal Rules of Civil Procedure.  ECF 7.  It asks the Court to take immediate action.  *Id.* at 7.  Urban Echo served the motion on BOA on May 22, 2023.  ECF 7, at 8.  No attorney has entered an appearance on behalf of BOA.

The Court will not rule the motion before BOA has an opportunity to respond.  The facts in the complaint and in Mr. Davis's verified statement in support of the emergency motion do not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as Rule 65 requires.  Fed. R. Civ. P. 65(b)(1)(A).  Urban Echo appears to argue that, unless the bank drafts it delivered to BOA (which BOA allegedly refused to deposit and continues to retain) are credited or returned immediately, it will miss the opportunity to have its offer to purchase the Commanders evaluated by the team's owners.  But Urban Echo acknowledges that the Commanders' owners already have accepted a bid for the purchase of the team, ECF 7-1, ¶ 17, and that "another party has entered into a contract to purchase the Commanders[,]" ECF 7, at 5.  Urban Echo has not shown that, if BOA is ordered to credit or return the bank drafts immediately, the owners will renege on the executed contract, accept Urban Echo's offer, and sign a contract with Urban Echo.  On the contrary, based on the facts before me, it appears that Urban Echo would remain in the same position it finds itself today

even if I were to grant the emergency relief it seeks.[1]  Because Urban Echo has not satisfied Rule 65(b)(1)(A), I will not rule on the motion without first hearing from BOA.

By noon on May 25, 2023, Urban Echo's counsel shall inform the Court whether he has been in contact with counsel for BOA, whether BOA counsel knows about the complaint and the motion, and whether he anticipates BOA counsel will enter an appearance in this case.  After receiving Urban Echo's status report, the Court will take the appropriate next steps to resolve the motion.  Urban Echo shall serve a copy of this Order on BOA and file proof of service by May 26, 2023.

Although informal, this letter is an Order of the Court and will be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge

---

[1] Urban Echo also argues it "will continue to suffer irreparable harm both financially and reputationally, and it will continue to lose the daily benefit of $5,100,000,000.00," the amount of the bank drafts.  ECF 7, at 5.  But it does not explain how its reputation will continue to suffer irreparable harm if BOA does not act immediately or why any financial harm, including the loss of the daily benefit of $5,100,000,000.00, is not compensable by money damages.